```
UNITED STATES DISTRICT COURT                              C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                           :
PATRICK GEORGE,                                            :
                              Petitioner,                  :    **MEMORANDUM AND ORDER**
                                                           :
                - against -                                :    95 Civ. 1786 (BMC)
                                                           :
NEW YORK STATE DIVISION OF PAROLE,                         :
                                                           :
                              Respondent.                  :
----------------------------------------------------------- X
```

COGAN, District Judge.

Petitioner *pro se* moves pursuant to Rule 60(d)(1),(2), and (3) of the Federal Rules of Civil Procedure, seeking to reopen the August 30, 1996 decision of the late Hon. Charles P. Sifton, denying two consolidated petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the alternative, petitioner seeks relief pursuant to a writ of error *coram nobis*. Petitioner has also filed a self-styled "motion for summary judgment." For the reasons set forth below, petitioner's motions are denied.

## BACKGROUND

Judge Sifton, in a memorandum and order dated August 30, 1996, denied petitioner's consolidated petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. George v. New York State Division of Parole, No. 95 Civ. 1786, 1996 WL 518099 (E.D.N.Y. Aug. 30, 1996). Judge Sifton held that petitioner's challenge to a 1988 conviction failed because he was no longer in custody or on parole for that conviction, and his challenge to a separate 1990 conviction failed because his claims were unexhausted and procedurally barred.

On March 15, 2013, petitioner filed a new petition for a writ of habeas corpus challenging the aforementioned convictions, which I transferred to the United States Court of

Appeals for the Second Circuit as second or successive. See George v. Park, 13 Civ. 1469 (E.D.N.Y. Apr. 4, 2013). The Second Circuit ordered petitioner to move for leave to file a second or successive petition, and when petitioner failed to do so, the Second Circuit, by Mandate issued October 11, 2013, dismissed the petition. George v. Park, No. 13-1236 (2d Cir. Oct. 11, 2013).

## DISCUSSION

Petitioner seeks relief pursuant to Rule 60(d)(1),(2) and (3) from Judge Sifton's August 30, 1996 judgment dismissing his petition. He seeks to reopen the action and requests permission to supplement the record. In the alternative, he petitions the Court for a writ of error *coram nobis*. In support of his claim, petitioner argues that the Attorney General, appearing for respondent, failed to file relevant evidence with the Court, specifically transcripts from a state court proceeding and records of a 911 call. Thus, petitioner asserts that the denial of his § 2254 motion in 1996 was error because Judge Sifton did not have material parts of the record before him.

Rule 60(d) is a "savings clause," making it clear that the preceding sections of the Rule do not abrogate a court's power in equity or under statutes to set aside prior judgments through fresh proceedings. With the exception of its reference to 28 U.S.C. § 1655, which only applies to lienholders in *in rem* actions and thus has no application here, Rule 60(d) does not authorize any relief from a judgment in the underlying proceeding itself. It is not a substitute for relief under Rules 60(a) or (b), that is, it "is not an affirmative grant of power but merely allows continuation of whatever power the court would have had to entertain an independent action if the rule had not been adopted." 11 Wright, Miller & Kane, Federal Practice and Procedure § 2868 at p. 555 (West 2012). Thus, it furnishes no basis for relief in this action.

Nevertheless, if a movant mischaracterizes his request for relief as a motion under Rule 60(d) instead of commencing an independent action to set aside the judgment, the Court may construe the motion as an independent action.  See, e.g., Bankers Mortg. Co. v. U.S., 423 F.2d 73, 77 n.7 (5th Cir. 1970).  That seems particularly appropriate in a *pro se* case where it is unlikely that the litigant would be familiar with this procedural nicety, and I will do that here.

But it does not help petitioner.  Because Rule 60(b) codifies most grounds for setting aside a judgment and places a one-year limitation on seeking relief on those grounds, courts must exercise caution to avoid construing the surviving avenues exempted by Rule 60(d) in a manner that would circumvent Rule 60(b).  As the Supreme Court held in U.S. v. Beggerly, 524 U.S. 38, 118 S. Ct. 1862 (1998):

> If relief may be obtained through an independent action in a case such as this, where the most that may be charged against the Government is a failure to furnish relevant information that would at best form the basis for a Rule 60(b)(3) motion, the strict 1-year time limit on such motions would be set at naught. Independent actions must, if Rule 60(b) is to be interpreted as a coherent whole, be reserved for those cases of "injustices which, in certain instances, are deemed sufficiently gross to demand a departure" from rigid adherence to the doctrine of *res judicata*.

(Citation omitted).

To obtain equitable relief through an independent action, petitioner would have to "(1) show that [he has] no other available or adequate remedy; (2) demonstrate that [his] own fault, neglect, or carelessness did not create the situation for which [he] seek[s] equitable relief; and (3) establish a recognized ground – such as fraud, accident, or mistake – for the equitable relief." Campaniello Imports, Ltd. v. Saporiti Italia S.p.A., 117 F.3d 655, 662 (2d Cir. 1997); see Ocasio v. United States, 08 Civ. 1305, 2014 WL 1877668, at *2 (S.D.N.Y. May 8, 2014); Marmolejas v. United States, No. 05 Civ. 10693, 2010 WL 3452386, at *5 (S.D.N.Y. Sept. 2, 2010).

3

Petitioner alleges that the incomplete submissions of the Attorney General before Judge Sifton constitute fraud on the Court. They do not. The type of fraud necessary to sustain an independent action attacking the finality of a judgment under Rule 60(d) "is narrower in scope than that which is sufficient for relief" under Rule 60(b). Gleason v. Jandrucko, 860 F.2d 556, 558 (2d Cir. 1988) (citing Hazel–Atlas Glass Co. v. Hartford–Empire Co., 322 U.S. 238, 244-46 (1944)). Although fraud on the court can support an independent action that is contemplated by Rule 60(d), such fraud must "seriously affect[ ] the integrity of the normal process of adjudication." Gleason, 860 F.2d at 559; accord Hadges v. Yonkers Racing Corp., 48 F.3d 1320, 1325 (2d Cir. 1995) (observing that such fraud "embraces only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases.") (internal quotation marks omitted); United States v. Rivers, 03 Cr. 01120, 2015 WL 4635877, at *1 (E.D.N.Y. Aug. 5, 2015). Generally speaking, this type of fraud means bribery of a judge or court personnel, jury tampering, or hiring an attorney for the sole purpose of improperly influencing the judge. Armatas v. Maroulleti, No. 08 Civ. 0310, 2015 WL 5561177, at *3 (E.D.N.Y. Sept. 21, 2015).

Petitioner's allegations regarding fraud on the court do not come near the standard to obtain relief by an independent action. He is not talking about bribery; he is talking about incomplete document production in response to his habeas corpus petition. That brings his claim squarely within the line of cases holding that "[n]ondisclosure by a party or the party's attorney has not been enough" to sustain an independent action for fraud. Wright, Kane & Miller § 2870 at pp. 579-80.

Petitioner's non-disclosure argument is particularly meritless here. The documents that he asserts should have been placed before Judge Sifton are immaterial because Judge Sifton did not address the merits of petitioner's claims. Instead, he rejected one habeas petition because petitioner was no longer incarcerated or on parole and he rejected the other because petitioner's claims were procedurally barred. The absence of the documents that petitioner now seeks to introduce would not have changed those conclusions in any way. For the same reason, Judge Sifton did not have to hold an evidentiary hearing when the record before him showed that petitioner was not entitled to a merits review of his convictions. See Schriro v. Landrigan, 550 U.S. 465, 127 S. Ct. 1993 (2007); Ocasio, 2014 WL 1877668, at *3.

Petitioner' request for *coram nobis* relief fares no better. First, Rule 60(e) expressly abolishes writs of *coram nobis*. In U.S. v. Morgan, 346 U.S. 502, 506 n.4, 74 S. Ct. 247, 250 n.4 (1954), the Supreme Court commented in a footnote that this provision, since it is a rule of *civil* procedure, did not curtail the authority of a federal court to issue *coram nobis* relief with regard to its own judgment of conviction in a federal *criminal* case under the All Writs Act, 28 U.S.C. § 1651(a). The Court reasoned that

> [s]uch a motion is a step in the criminal case and not, like habeas corpus where relief is sought in a separate case and record, the beginning of a separate civil proceeding. While at common law the writ of error coram nobis was issued out of chancery like other writs, the procedure by motion in the case is now the accepted American practice. As it is such a step, we do not think that Rule 60(b) … expressly abolishing the writ of error coram nobis in civil cases, applies.

(Citations omitted).

Two principles of *coram nobis* relief, one from Morgan's interpretation of Rule 60(e) and one from the historical context of the writ of *coram nobis* itself, converge to defeat petitioner's claim.

5

First, historically, the writ of *coram nobis* is only available in federal court to review federal convictions. Although there are federal cases which, without discussion, assume that *coram nobis* is available under limited circumstances to review state court convictions, a review of the history of the writ shows that this is not the case. *Coram nobis* was never a vehicle by which one court could review the conviction of another court. Rather, it is a self-corrective measure by which a court could review its own judgment of conviction to determine error in limited circumstances not encompassed by more regularly utilized procedures. Thus, every court which has considered the issue, including the Second Circuit, has held that a federal court may not invoke *coram nobis* to review state court convictions. See Ogunwomoju v. U.S., 512 F.3d 69, 75 (2d Cir. 2008) ("The writ traditionally has been utilized by courts to correct errors within their own jurisdiction"); Finkelstein v. Spitzer, 455 F.3d 131 (2d Cir. 2006) ("our Sister Circuits that have addressed this question have ruled that the district courts lack jurisdiction to issue writs of *coram nobis* to set aside judgments of state courts … [and w]e agree …."). See also Obado v. State of New Jersey, 328 F.3d 716, 718 (3d Cir. 2003); Lowery v. McCaughtry, 954 F.2d 422, 423 (7th Cir. 1992); Theriault v. State of Miss., 390 F.2d 657 (5th Cir. 1968); Rawlins v. Kansas, 714 F.3d 1189 (4th Cir. 1964).

Second, as the above-quoted language from Morgan makes clear, *coram nobis* relief is not available to set aside judgments in civil proceedings like petitions for habeas corpus relief. Those run squarely into the prohibition of Rule 60(e), abolishing *coram nobis* in such proceedings.

Petitioner's *pro se* submissions are not clear as to whether he is seeking *coram nobis* relief to directly attack his state court judgments of conviction, or instead to first set aside Judge Sifton's 1995 judgment declining to review the merits of his convictions and then obtain review

of his state court convictions. But it does not matter. To the extent petitioner is asking for *coram nobis* to review his state court convictions, it is unavailable because *coram nobis* cannot be used in federal court to review state court convictions. To the extent he is seeking *coram nobis* to set aside Judge Sifton's denial of his petitions for habeas corpus relief, Rule 60(e) prohibits it in this proceeding. Either way, petitioner is not entitled to *coram nobis* relief.

## CONCLUSION

Petitioner's motions [38, 41] are denied. In the event that petitioner's invocation of Rule 60(d) requires this Court to determine whether to issue a certificate of appealability, cf. Kellogg v. Strack, 269 F.3d 100, 102 (2d Cir. 2001) (ruling on a certificate of appealablity is required when denying a Rule 60(b) motion), the Court declines to issue a certificate of appealability as petitioner has failed to make a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917 (1962).

**SO ORDERED.**

                                        U.S.D.J.

Dated: Brooklyn, New York
       October 18, 2015

7